UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSE ALBERTO FLORES GUTIERREZ,<br><br>Petitioner,<br><br>v.<br><br>PATRICIA HYDE et al.,<br><br>Respondents. | Civil No. 25-12489-LTS |

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (DOC. NO. 1)

September 17, 2025

SOROKIN, J.

Jose Alberto Flores Gutierrez, a citizen of Mexico who is presently in immigration detention, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking an order requiring the respondents to release him on bond already set by an immigration judge. As the Court will explain, it has already resolved the dispositive legal question presented here in a manner that favors the petitioner. Accordingly, the petition is ALLOWED.

Flores Gutierrez arrived in the United States in May 2004, when he entered without inspection or valid entry documents. Doc. No. 1 ¶ 1. He has a pending petition for asylum. Id. He was living in Stamford, Connecticut, when he was detained by federal immigration authorities on June 23, 2025. Id. ¶¶ 1, 8. An immigration judge ("IJ") ordered Flores Gutierrez's release on $7,500 bond on August 18, 2025. Id. ¶ 2. When his friends tried to pay the bond the next day, however, they learned that the Department of Homeland Security

("DHS") had filed a notice of its intent to appeal the IJ's bond determination, id. ¶ 3, which triggered a stay of the IJ's bond order, 8 C.F.R. § 1003.6(a).

On September 8, 2025, Flores Gutierrez instituted this action by filing a habeas petition, alleging his detention violates the Fifth Amendment's Due Process Clause.  Doc. No. 1.  He seeks an order compelling his release.  Id. ¶ 5 & Prayer for Relief.  The petition raises a claim and describes circumstances similar to those the Court recently evaluated in another case.  See Order, Encarnacion v. Moniz, No. 25-cv-12237-LTS (D. Mass. Sept. 5, 2025), ECF No. 16. Thus, after preliminary review of the petition, the Court ordered the respondents to show cause why it "should not be allowed for the same reasons identified" in Encarnacion.  Doc. No. 5.

The respondents timely answered the show-cause order by acknowledging that this case is "materially indistinguishable" from Encarnacion both factually and legally.  Doc. No. 9 at 2-3. Though they "respectfully disagree with the Court's prior decision," they incorporated by reference their earlier briefing, suggested that no further written or oral argument was necessary, and invited the Court to "decide this matter without delay."  Id.  The Court appreciates the respondents' candid and sensible approach to this matter.

The Court adheres to its prior reasoning, as described in Encarnacion and the cases cited therein.  A brief explanation will suffice.  The respondents' legal position arises from their view that Flores Gutierrez is ineligible for discretionary release on bond because he is subject to mandatory detention under 8 U.S.C. § 1225(b).  Various other sessions of this Court, along with federal courts in other jurisdictions, have rejected the respondents' view.  See, e.g., Oliveira Gomes v. Hyde, No. 25-cv-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025) (slip copy). The Court has concluded previously, and remains persuaded now, that Judge Kobick's thorough analysis of the relevant statutory language in Oliveira Gomes is, in fact, correct.  See also

2

Romero v. Hyde, No. 25-cv-11631-BEM, 2025 WL 2403827, *1 (D. Mass. Aug. 19, 2025) (noting government's position "would require the mandatory detention of hundreds of thousands, if not millions, of individuals currently residing within the United States," and non-exhaustively collecting more than a dozen cases from seven different districts rejecting the position). For the reasons articulated in detail by Judge Kobick and the various other courts that have reached the same conclusion, the Court finds that Flores Gutierrez is not subject to mandatory detention under § 1225(b). This alone warrants granting his petition.

Moreover, at least one other federal judge has considered the relevant immigration detention statutes in a context nearly identical to this one. See Garcia Jimenez v. Kramer, No. 4:25-cv-3162, 2025 WL 2374223, at *2 (D. Neb. Aug. 14, 2025). After noting it "tended to agree" with the petitioner's legal argument about why he was not subject to mandatory detention, that court found the petitioner was entitled to relief irrespective of whether § 1225(b) could theoretically apply. Id. That was so because the petitioner's detention in fact arose from the automatic stay triggered under applicable federal regulations by DHS's pending appeal of a bond decision—as does Flores Gutierrez's detention here. Id. Detention on that basis, the court found, was unlawful for multiple reasons, including that it violated the petitioner's procedural and substantive due-process rights. See id. at *3–5. The Garcia Jimenez court's reasoning is persuasive here, where Flores Gutierrez raises a Due Process challenge in seemingly identical circumstances.

In sum, the Court again adopts and incorporates by reference the reasoning of Judge Kobick in Oliveira Gomes (as to the proper construction of the statutory detention provisions) and of the Garcia Jimenez court (as to the due-process violations arising from DHS's invocation of the automatic stay). Accordingly, the Court hereby ALLOWS the petition and ORDERS as

3

follows: 1) the stay of the IJ's bond determination is LIFTED; 2) the respondents shall release Flores Gutierrez if and when he satisfies the $7,500 bond, per the IJ's order; and 3) the respondents shall not retaliate against Flores Gutierrez for his filing of this federal habeas petition.

        SO ORDERED.

        /s/ Leo T. Sorokin
        United States District Judge